# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **FOREST C. MARTIN, SR., et al.** | **CIVIL ACTION NO. 03-1282** |
| **-vs-** | **JUDGE LITTLE** |
| **CITY OF ALEXANDRIA, et al.** | |

## JUDGMENT

Before the court is a Motion for Attorney's Fees and Costs [Doc. #166] filed on 30 September 2005 by defendants Robert T. Distefano ("Distefano"), Douglas Prestridge ("Prestridge"), Stephen Bankston ("Bankston"), and the City of Alexandria ("the City"). On 4 November 2005, the plaintiffs, Forest C. Martin, Sr., et al. ("the Martins"), responded to this motion [#172]. For the following reasons, the defendants' motion is granted in part and denied in part.

## BACKGROUND

On 3 July 2003, the Martins filed a Civil Rights Action Complaint under 42 U.S.C. § 1983 against the City of Alexandria Municipality Police Department ("APD") and various named and unnamed law enforcement officers. The Martins amended the complaint for the first time on 25 July 2003. On 24 September 2003, the Martins moved to amend the complaint again [#35]. Most notably, the Martins proposed to file a Second Amended Complaint to replace any reference to the APD in the First Amended Complaint with the City. The Martins also wanted to name two of the previously unnamed officers, having

identified them as APD Officers Bankston and Prestridge. On 14 April 2004 this court granted the Martins' motion over opposition and the Second Amended Complaint [#88] was filed. In granting this motion, the court approved the substitution of the City as the proper defendant and granted the Martins' voluntary dismissal of most of the other defendants except for Distefano, Bankston, and Prestridge (collectively, the "officer-Defendants"). The court subsequently granted the defendants' Motion for Summary Judgment on 16 September 2005 [#161], dismissing all claims against the defendants with prejudice. For a detailed discussion of the facts in the case, see this court's Memorandum Ruling on Cross Motions for Summary Judgment ("Summary Judgment Ruling") [#160].

## DISCUSSION

### I. Legal Standards

A party seeking reimbursement for attorney's fees must do so by motion generally filed within 14 days of the entry of judgment. See FED. R. CIV. P. 54(d)(2)(A)-(B). The motion for fees "must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award" and it must also specify the amount of fees or provide a reasonable estimate. FED. R. CIV. P. 54(d)(2)(B). Rule 54(d) "serves several laudable purposes" including assuring "that the opposing party has notice of the claim" for attorney's fees and allowing "the district court to make its fee ruling in time to allow appellate review at the same time as review on the merits." United Indus., Inc. v. Simon-Hartley, Ltd., 91 F.3d 762, 766 (5th Cir. 1996).

Parties generally must pay their own attorney's fees and the prevailing party does

not receive reimbursement from the losing party. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 602 (2001). Courts in the United States follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994). "Congress, however, has authorized the award of attorney's fees to the 'prevailing party' in numerous statutes" including 42 U.S.C. § 1988. Buckhannon, 532 U.S. at 602-03.

42 U.S.C. § 1988(b) states that "[i]n any action or proceeding to enforce . . . [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Courts have recognized that defendants as well as plaintiffs may be prevailing parties under 42 U.S.C. § 1988. See Dean v. Riser, 240 F.3d 505, 507-08 (5th Cir. 2001). When the prevailing party in a civil rights action is the defendant, however, the standard for awarding attorney's fees is more stringent than when the prevailing party is the plaintiff. Id. at 508 (noting that "attorney's fees for prevailing defendants are presumptively unavailable"). Permitting a successful defendant to recover attorney's fees is intended to protect against "burdensome litigation having no legal or factual basis." Id. (citation omitted).

A prevailing civil rights defendant may recover attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 432 U.S. 412, 421 (1978). To recover attorney's fees, a prevailing defendant must show that the civil rights action "was vexatious,

3

frivolous, unreasonable, or otherwise without merit." Dean, 240 F.3d at 508. The dismissal of a case does not alone satisfy this requirement, and the burden of showing frivolity remains with the defendant. Id. at 512.

Determining whether a prevailing defendant is entitled to a reasonable attorney's fee under 42 U.S.C. § 1988 is committed to the court's discretion. Id. at 507. In order to ascertain whether a civil rights action is frivolous, "a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial." Myers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir. 2000). In this case, the defendants did not offer to settle the case, nor did the court hold a trial.

The dismissal of claims before they reach the jury is insufficient to support a finding of frivolity. See id. at 293. Rather than relying upon the outcome of a case, the court must inquire "whether the case was so lacking in merit that it was groundless." Hahn v. City of Kenner, 1 F. Supp. 2d 614, 617 (E.D. La. 1998) (quoting United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991)). "When a plaintiff presents some credible evidence to prove his claim, he has shown that his case has colorable merit; consequently, the prevailing defendant is not entitled to attorney's fees." Id.

Once a court has determined that a movant is entitled to attorney's fees, then it must determine the amount. The calculation of reasonable attorney's fees involves a two-step process. See Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours

4

expended on the case by the reasonable hourly rates for the participating lawyers." Id. (citation omitted). Second, the court "considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case" under the twelve Johnson factors. Migis, 135 F.3d at 1047; Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). While Johnson set forth twelve factors courts should use to determine the reasonableness of attorney's fees, the Fifth Circuit has singled out four of the factors as more important than the rest, namely "[1] the time and labor involved, [2] the customary fee, [3] the amount involved and the result obtained, and [4] the experience, reputation and ability of counsel." Migis, 135 F.3d at 1047.

## II. Analysis

### A. Procedural Issues

The court first asks whether or not the motion was timely filed and whether the Martins had sufficient notice. This court dismissed all of the Martins' claims against the defendants with prejudice on 16 September 2005. On 30 September 2005, the defendants filed the instant motion for attorney's fees and costs. The defendants therefore have complied with the requirement of filing "no later than 14 days after entry of judgment." FED. R. CIV. P. 54(d)(2)(B). In addition, the motion specifies the statute under which the defendants are seeking attorney's fees, namely 42 U.S.C. § 1988. Id. The defendants had placed the Martins on notice that they intended to seek attorney's fees when they answered the complaint. Furthermore, the Martins filed an Objection to the motion on 4 November 2005 [#172]. As such, the motion is properly submitted and the court will

look to the merits of the request for attorney's fees.

As stated in the court's Summary Judgment Ruling, the Second Amended Complaint raised several types of claims. The court will examine each claim in turn to determine whether or not it was frivolous.

### B. Unlawful Arrest

The Martins alleged unlawful arrest, seizure, detention and excessive force claims under the Fourth Amendment. With regard to unlawful arrest, this court found that custody requires actual restraint and that therefore "the Martins' claim of unlawful arrest requires dismissal because the Second Amended Complaint failed to state any facts which would indicate the existence of any custody or actual restraint." Summary Judgment Ruling at 20. The Martins did not make out a prima facie case of unlawful arrest. As such, the unlawful arrest claim was frivolous.

### C. Unlawful Seizure and Detention

The Martins alleged unlawful seizure and detention claims under the Fourth Amendment as well. In disposing of these claims, the court engaged in a factual examination in considering the totality of the circumstances. While ultimately the Martins did not prevail on these claims, their effort was not frivolous. As such, attorney's fees are not appropriate for these claims.

### D. Excessive Force

The Martins alleged that by having a gun pointed at them they suffered an injury such that they should recover for excessive force. The law states that in order to recover

6

on an excessive force claim, the plaintiff must suffer an injury that is greater than *de minimis*, Tarver v. City of Edna, 410 F.3d 745, 752 (5th Cir. 2005). The injury, however, may be psychological rather than physical in nature. Flores v. City of Palacios, 381 F.3d 391, 397-98 (5th Cir. 2004). "The Martins have not proffered any competent admissible evidence, through affidavits or medical records, that show that they have suffered *any* substantial psychological injuries from the incident that are greater than *de minimis*." Summary Judgment Ruling at 24. At the same time, however, it appears that while the Martins may have failed to state a claim sufficient to survive summary judgment, their claim was not "groundless or without foundation." Christiansburg Garment Co. v. EEOC, 432 U.S. 412, 421 (1978). As such, this claim was not frivolous.

### E. Fourteenth Amendment Equal Protection

The Martins alleged a Fourteenth Amendment Equal Protection claim but failed to produce any evidence of selective enforcement of a state statute or City policy. Summary Judgment Ruling at 28. "Absent proof of a written policy by the City showing selective enforcement based on discriminatory intent, the Martins' Fourteenth Amendment Equal Protection claim fails." Id. As the Martins did not produce any such evidence, this claim was frivolous.

### F. First Amendment

The Martins also alleged First Amendment violations, both for the actions of the officers during the incident and for retaliation by the City. This court found that "there is no evidence that Distefano or any of the officer-Defendants prevented Martin from

7

exercising his free speech rights." Id. at 29. With respect to retaliation, "[t]he Martins fail to prove even the first element for a First Amendment retaliation claim because none of the Martins are public employees" who experienced an adverse employment decision resulting from their speech. Id. As such, the First Amendment claims were frivolous.

### G. 42 U.S.C. § 1983 Vicarious Liability and Gross Negligence

The Martins also brought civil rights claims under 42 U.S.C. § 1983 against the City. To the extent that these claims were made under a *respondeat superior* theory, they were clearly frivolous as "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Social Servs. of N.Y., 436 U.S. 658, 691 (1978). The Martins also failed to provide any evidence that any APD policies were inadequate in any way as to evince gross negligence. As such, these claims were frivolous.

## **CONCLUSION**

This court finds that the claims for unlawful arrest, Fourteenth Amendment Equal Protection, First Amendment, 42 U.S.C. § 1983 vicarious liability and 42 U.S.C. § 1983 gross negligence were frivolous. An award of attorney's fees is therefore appropriate with respect to these claims. This court finds that the claims for unlawful seizure, unlawful detention, and excessive force were not frivolous. An award of attorney's fees is therefore not appropriate with respect to these claims.

For the reasons set forth above, the defendants' Motion for Attorney's Fees and Costs pursuant to 42 U.S.C. § 1988 is GRANTED IN PART AND DENIED IN PART.

The defendants shall provide to the court a breakdown of their attorney's fees and costs by claim as follows:

1) Unlawful Arrest

2) Unlawful Seizure and Detention

3) Excessive Force

4) Fourteenth Amendment Equal Protection

5) First Amendment

6) 42 U.S.C. § 1983 vicarious liability and gross negligence

In addition, the defendants will prepare an appropriate judgment in the amount of the attorney's fees incurred with respect to claims 1, 4, 5, and 6.

Alexandria, Louisiana

3 January 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE